COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Vith Loch v. The State of Texas

Appellate case number:     01-16-00438-CR

Trial court case number:   1463146

Trial court:                          209th District Court of Harris County

After he pleaded guilty, a jury convicted appellant, Vith Loch, of the felony offense of murder, found the allegations in the enhancement paragraph true, and assessed his punishment at confinement for life and a $10,000 fine.  Appellant timely filed a notice of appeal.

The trial court's certification of appellant's right to appeal appears to be defective. The trial court signed a certification of appellant's right to appeal, stating that this "is a plea-bargain case, and the defendant has NO right of appeal."  However, the record contradicts the certification.  *See* TEX. R. APP. P. 25.2(a)(2) (stating plea-bargain case is "case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant").  The record does not reflect that appellant pleaded guilty in exchange for the State's recommendation on sentencing.

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d).  The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal.  *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings.  The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Cheri Duncan, shall be present.   Appellant shall also be present for the hearing in person

or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) make a finding regarding whether appellant has the right to appeal;
2) if necessary, execute an amended certification of appellant's right to appeal;
3) make any other findings, conclusions, and recommendations the trial court deems appropriate; and
4) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
☒ Acting individually

Date: October 20, 2016

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.